IN the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable Robert MICHELSON, Municipal Court Judge.

WISCONSIN JUDICIAL COMMISSION, Complainant,

v.

The Honorable Robert MICHELSON, Respondent.

Supreme Court

*No. 98–2376–J. Filed April 27, 1999.*

(Also reported in 591 N.W.2d 843.)

¶ 1. PER CURIAM. This is a review pursuant to Wis. Stat. § 757.91[1] of the findings of fact, conclusions of law, and recommendation for discipline of the judicial conduct panel concerning the judicial misconduct of the Hon. Robert Michelson, municipal judge for the city of Racine. Based on facts to which Judge Michelson and the Wisconsin Judicial Commission stipulated in this proceeding, the panel concluded that Judge Michelson's intemperate, discourteous and undignified comments from the bench concerning the daughter of a woman who was appearing before him constituted a wilful violation of the provision of the Code of Judicial Conduct which requires a judge to be "patient, dignified and courteous to all litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity." SCR 60.04(1)(d). The panel concluded further that the judge's comments and the statements he made in a letter apologizing for them demonstrate a bias based on socioeconomic status and a wilful violation of the Code provision dealing with bias, SCR 60.04(1)(e):

> A judge shall perform judicial duties without bias or prejudice. A judge may not, in the performance of judicial duties, by words or conduct, manifest bias or prejudice, including bias or prejudice based upon race, gender, religion, national origin, disability, age, sexual orientation or socioeconomic status, and may not knowingly per-

---

[1] Wis. Stat. § 757.91 provides:

**Supreme court; disposition.** The supreme court shall review the findings of fact, conclusions of law and recommendations under s. 757.89 and determine appropriate discipline in cases of misconduct and appropriate action in cases of permanent disability. The rules of the supreme court applicable to civil cases in the supreme court govern the review proceedings under this section.

mit staff, court officials and others subject to the judge's direction and control to do so.

As discipline for that judicial misconduct, the panel recommended that Judge Michelson be reprimanded.

¶ 2. We determine that a reprimand is the appropriate discipline for Judge Michelson's judicial misconduct. As the panel observed, his intemperate expression of his personal views concerning the character of a person who was not before him and about whom he knew only what her mother had told him was wholly inappropriate to the judicial demeanor expected and demanded of members of the judiciary and caused significant damage to the integrity of the judicial system. In addition to the reprimand, the panel suggested that Judge Michelson participate in anger management and diversity training to assist him in conforming his conduct to the appropriate standards of judicial behavior. We agree.

¶ 3. Judge Michelson has served as municipal judge for the city of Racine for 24 years and has not been the subject of a prior judicial disciplinary proceeding. The judicial conduct panel to which the Judicial Commission's complaint was referred consisted of Court of Appeals Judges Daniel Anderson, Patricia Curley, and Michael Hoover. The panel made findings of fact based on the parties' stipulation.

¶ 4. On January 5, 1998, after completing some 140 arraignments and discussing with three or four people their requests for.additional time to pay fines, Judge Michelson turned to the matter of a person appearing in front of him requesting additional time to pay a fine. The woman appeared alone, and for all practical purposes no other people were present except for court personnel.

¶ 5.  When the woman told the judge she would not be able to pay her fine because she had to care for the two small children of her daughter, who had become ill, Judge Michelson said he could not accept that excuse for the reason that the woman had no legal obligation to support her daughter's children. When he asked why the children's father could not support them, the woman explained that the father of the older child no longer could be found and that the identity of the younger child's father had not been established.

¶ 6.  Upon hearing that response, Judge Michelson became angry and said, "I suppose it was too much to ask that your daughter keep her pants on and not behave like a slut." He then stated that the daughter should not have brought into the world children she was not in a position to support. The judge subsequently established a monthly payment plan for the fine.

¶ 7.  The woman, whose daughter was neither a party to the matter before the judge nor present in the court, was embarrassed and angered by the judge's comments. When she reported them to her other daughter, a high school student, that daughter sent the judge a letter demanding an apology. Judge Michelson sent a letter stating, in part:

> . . .I will clearly state that my remarks are what I personally believe—that people should not bear children out of a marriage relationship; that it is immoral, and often means that a child will grow up both without a father and in poverty. With the planet already overcrowded, my personal belief is that a young woman who finds herself unmarried and pregnant should get an abortion.
>
> However, whatever my personal beliefs, it is not always appropriate for a judge to express them

from the bench because the judge is in a position of power at that moment and the person being spoken to cannot talk back. For that, having used my position to strongly express my personal views, I apologize.

¶ 8. Based on those facts, the panel concluded that Judge Michelson's comments from the bench about the woman's daughter were intemperate, discourteous and undignified and that those comments and the statements in his letter of apology manifested a bias based on a person's socioeconomic status. The panel concluded that Judge Michelson's conduct constituted wilful violations of the provisions of the Code of Judicial Conduct requiring a judge to be patient, dignified and courteous to litigants and others with whom the judge deals in an official capacity and to perform judicial duties without bias or prejudice. Accordingly, the panel concluded that Judge Michelson engaged in judicial misconduct, defined in Wis. Stat. § 757.81(4)(a) to include a wilful violation of a rule of the Code of Judicial Conduct.

¶ 9. In recommending a reprimand as discipline for that misconduct, the panel took into consideration that the character of the daughter of the woman who was before Judge Michelson was immaterial to the matter being decided and that the judge had no information upon which to base his negative characterization of the daughter. The panel expressed its view that the judge's language showed a "significant lack of judgment and insight into appropriate judicial demeanor" and was "egregious and reveal[ed] a profound lack of sensitivity and disrespect for the litigants and other members of the public who appear before the court."

¶ 10.   The panel also noted the damage Judge Michelson's comments did to the integrity of the judicial system, as evidenced by the younger daughter's demand for an apology. The panel considered Judge Michelson's apology, even though well-intentioned, as further reflecting a bias unacceptable in a member of the judiciary. The panel viewed his letter as demonstrating a "lack of sensitivity to the socioeconomic differences in society" and "reflect[ing] an unacceptable prejudgment of persons based upon their marital status and financial standing."

¶ 11.   The panel distinguished Judge Michelson's conduct from that of judges previously disciplined for judicial intemperance in language and for expressions of bias on the basis that his involved only one incident, not numerous incidents considered in four prior cases, in which one judge was removed from office and three others were suspended from office for significant periods. The panel also noted Judge Michelson's attempt to apologize, even though flawed, as showing a level of remorse not evident in the prior cases. Finally, the panel acknowledged Judge Michelson's full cooperation with the Judicial Commission in this matter.

¶ 12.   We adopt the panel's findings of fact and conclusions of law and determine that a reprimand is the appropriate discipline to impose for Judge Michelson's judicial misconduct.

¶ 13.   IT IS ORDERED that the Hon. Robert Michelson is reprimanded for judicial misconduct established in this proceeding.