**2025 WI 17**

# Supreme Court of Wisconsin



IN THE MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST
THE HONORABLE ELLEN K. BERZ

WISCONSIN JUDICIAL COMMISSION,
*Complainant,*

*v.*

HONORABLE ELLEN K. BERZ,
*Respondent.*

No. 2024AP2038-J
Decided May 27, 2025

JUDICIAL DISCIPLINARY PROCEEDING

¶1 PER CURIAM. We review, pursuant to WIS. STAT. § 757.91,[1] the findings of fact, conclusions of law, and disciplinary recommendation of

---

[1] WISCONSIN STAT. § 757.91 provides:

The supreme court shall review the findings of fact, conclusions of law and recommendations under s. 757.89 and determine appropriate discipline in cases of misconduct and appropriate action in cases of permanent disability. The rules of the supreme court applicable to civil cases in the supreme court govern the review proceedings under this section.

the Judicial Conduct Panel[2] in this proceeding brought by the Wisconsin Judicial Commission against the Honorable Ellen K. Berz, a judge for the Dane County Circuit Court. In its complaint, the Commission alleged that, in connection with two separate incidents, Judge Berz willfully violated certain provisions of the Code of Judicial Ethics; namely, Supreme Court Rules (SCRs) 60.02, 60.03(1), 60.04(1)(d), and 60.04(1)(e). In a Joint Stipulation, Judge Berz admitted the factual allegations of the complaint and agreed that she had violated the Code as alleged. Based on the Joint Stipulation, the Panel found as fact the allegations of the complaint and concluded that Judge Berz had willfully violated the Code as alleged, which constituted judicial misconduct under WIS. STAT. § 757.81(4)(a).[3] After receiving memoranda from the parties regarding the appropriate level of discipline, the Panel recommended the seven-day suspension to which the Commission and Judge Berz had agreed in their Joint Stipulation. By order of April 15, 2025, this court invited the parties to submit briefs regarding the Panel's report. Neither party elected to do so.

¶2    After carefully reviewing this matter, we adopt the Panel's findings of fact, and we agree that those facts establish that Judge Berz committed judicial misconduct as alleged. We conclude that as discipline for that misconduct, Judge Berz should be suspended without pay for a period of seven days, commencing June 26, 2025.

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

¶3    We now turn to the facts and legal conclusions as stipulated by the parties and as found by the Panel.

¶4    Judge Berz has been a circuit court judge since her election to the bench in 2012. She has never before been the subject of judicial discipline. As mentioned above, two incidents are at issue in this proceeding.

---

[2] Pursuant to WIS. STAT. § 757.87(3), Judges M. Joseph Donald, Lisa S. Neubauer, and Mark D. Gundrum of the court of appeals were appointed to serve as the Judicial Conduct Panel, with Judge Donald acting as the presiding judge.

[3] WISCONSIN STAT. § 757.81(4)(a) states that judicial misconduct includes the "[w]illful violation of a rule of the code of judicial ethics."

**Incident One (May 31, 2019)**

¶5      The first incident at issue in this proceeding occurred during a May 31, 2019 hearing over which Judge Berz presided in *State v. Richard Harrison, Jr.*, Dane County Circuit Court Case No. 2017CF2770. At the conclusion of the hearing, after previously having made several requests for additional time to prepare for trial in his criminal case, the defendant made an additional such request, and the following exchange occurred:

THE COURT:  Okay, Thank you. [The last trial date] was October of 2018. Then it was rescheduled to now. And the reason it was rescheduled six months later was to give the defense every opportunity to look into anything they wanted to look into.

I agree with [the prosecutor] that, in all probability, this will turn out to be a ruse. And if it does and if he is convicted at trial, this Court will not forget that. Let's just make that abundantly clear.

The reason I am requiring the State to take a position on the motion to reschedule is because it's really a gamble whether you want to put the child [victim] through a trial and then, if it was exculpatory information that would have probably changed the outcome of the trial, that's how I think it has to be. But if it were that, you'd have to put the child through yet another trial, which, of course, no one would want to do.

I'm going to allow the reschedule.

And just let me make this abundantly clear to you, Mr. Harrison. You're not playing that game anymore after this. It's not a look, I found another rabbit in the hat; look, there might be something underneath this rug. If this trial -- when this trial is rescheduled, we're not playing that game. So play the game with other people you're with. Go to the prison and talk to them about all the games you can play. We're done here. Clear? Mr. Harrison, clear?

THE DEFENDANT:  Yeah, your sarcasm is extremely clear.

THE COURT: Good. I thought it would be. That's why I'm saying it to you that way, because I thought you would relate with that.

THE DEFENDANT: I don't.

THE COURT: I think you do.

THE DEFENDANT: I don't.

[DEFENSE COUNSEL]: That's enough.

THE COURT: Now, Mr. [DEFENSE COUNSEL] --

[PROSECUTOR]: Judge, I'm sorry to interrupt you, but[ . . . .].

¶6      The Panel concluded that Judge Berz's conduct during the hearing constituted a willful violation of the following provisions of the Code: SCR 60.04(1)(d),[4] which requires judges to treat those with whom they deal in an official capacity, including litigants, with patience, dignity, and courtesy; SCR 60.03(1),[5] which, in part, requires judges to act at all times

---

[4] SCR 60.04(1)(d) provides:

A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity and shall require similar conduct of lawyers, staff, court officials and others subject to the judge's direction and control. During trials and hearings, a judge shall act so that the judge's attitude, manner or tone toward counsel or witnesses does not prevent the proper presentation of the cause or the ascertainment of the truth. A judge may properly intervene if the judge considers it necessary to clarify a point or expedite the proceedings.

[5] SCR 60.03(1) provides: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

in a manner that promotes public confidence in the integrity and impartiality of the judiciary; and SCR 60.02,[6] which, in part, requires judges to personally observe high standards of conduct so that the integrity and independence of the judiciary will be preserved.

### Incident Two (December 13, 2021)

¶7      The second incident at issue in this case took place during the course of proceedings in *State v. Noah Hodges*, Dane County Circuit Court Case No. 2020CF2415. On December 13, 2021, jury selection and a jury trial was scheduled to take place in this matter in Judge Berz's courtroom at the Dane County Courthouse.

¶8      On the morning of December 13, 2021, Hodges did not appear for the scheduled proceeding. Hodges' attorney told Judge Berz that Hodges was at a hospital and had been admitted. Rather than issue a bench warrant for his non-appearance or continue the case to a future date, Judge Berz directed a staff member to determine Hodges' location. Court staff learned that Hodges was at a hospital emergency room in Sun Prairie, Wisconsin.

¶9      After obtaining Hodges' location, Judge Berz directed the bailiff, who was responsible for the security of Judge Berz's courtroom, to leave the courthouse in order to arrest Hodges. After learning this was not possible, Judge Berz told those present in her courtroom that she would retrieve Hodges from the hospital herself. Judge Berz also stated that, if something happened to her when she went to pick up Hodges, they would hear about it on the news. Judge Berz instructed Hodges' attorney to accompany her on this trip and to refrain from telling Hodges that they

---

[6] SCR 60.02 provides:

> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. This chapter applies to every aspect of judicial behavior except purely legal decisions. Legal decision made in the court of judicial duty on the record are subject solely to judicial review.

were on their way to him. The prosecutor was not present for this interaction.

¶10     Judge Berz then drove from the Dane County Courthouse in her personal vehicle with Hodges' attorney seated in the front passenger seat. The prosecutor was not present in the judge's vehicle for this trip.

¶11     Hodges' attorney told Judge Berz that this trip was a bad idea, as the judge is to be the neutral decision maker in the case. Judge Berz told Hodges' attorney that, if she truly thought they should turn around, they would do so. Hodges' attorney said that they should turn around; Judge Berz did so and returned to the courthouse. At the time Judge Berz turned around, she was headed in the direction of the emergency room in Sun Prairie. After returning to her courtroom, Judge Berz recalled the case and stated:  "The bailiffs have refused to arrest the defendant, to leave the courthouse in order to do so, so I'm ordering a body-only warrant."

¶12     The Panel concluded that, by this conduct, Judge Berz had willfully violated the following provisions of the Code:  SCR 60.04(1)(d), which requires judges to treat those with whom they deal in an official capacity, including lawyers, staff, court officials and others subject to the judge's direction and control, with patience, dignity, and courtesy; SCR 60.04(1)(e),[7] which requires judges to perform judicial duties without bias or prejudice; SCR 60.03(1), which, in part, requires judges to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary; and SCR 60.02, which, in part, requires judges to personally observe high standards of conduct so that the integrity and independence of the judiciary will be preserved.

---

[7] SCR 60.04(1)(e) provides:

A judge shall perform judicial duties without bias or prejudice. A judge may not, in the performance of judicial duties, by words or conduct, manifest bias or prejudice, including bias or prejudice based upon race, gender, religion, national origin, disability, age, sexual orientation or socio-economic status, and may not knowingly permit staff, court officials and others subject to the judge's direction and control to do so.

¶13     The Panel's final legal conclusion was that Judge Berz's conduct in the two incidents described above constituted willful violations of the specified SCRs, which therefore constituted judicial misconduct under WIS. STAT. § 757.81(4)(a).

## II.     RECOMMENDATION AS TO DISCIPLINE

¶14     The Panel's discussion regarding the recommended level of discipline focused largely on the following non-exclusive list of factors that this court has identified as helpful for determining the appropriate discipline in a judicial disciplinary matter:

(1) Whether the misconduct is an isolated instance or evidenced a pattern of misconduct;

(2) The nature, extent and frequency of occurrence of the acts of misconduct;

(3) Whether the misconduct occurred inside or outside the courtroom or courthouse;

(4) Whether the misconduct occurred in the judge's official capacity or in his or her private life;

(5) Whether the judge has acknowledged or recognized that the acts occurred;

(6) Whether the judge has demonstrated an effort to change or modify his or her conduct;

(7) The extent to which the judge exploited his or her position to satisfy personal desires;

(8) The length of the judge's service on the bench;

(9) Whether prior complaints were filed against the judge; and

(10) The effect the misconduct has upon the integrity of and respect for the judiciary.

*In re Disciplinary Proceedings Against Woldt*, 2021 WI 73, ¶30, 398 Wis. 2d 482, 961 N.W.2d 854.

¶15     The Panel found some of these factors to be mitigating and others aggravating. On the mitigating side, Judge Berz has served as a circuit court judge since 2012 and has not previously been the subject of any judicial discipline. She has acknowledged her conduct and has stipulated to findings of fact, conclusions of law, and the recommended discipline, demonstrating her acceptance of responsibility and her efforts to change her conduct. There is no indication that she personally benefitted from her misconduct. The Panel also noted that the "two incidents do not necessarily signify a pattern" of misconduct.

¶16     On the aggravating side, the Panel focused on three factors: the location of the incidents, the nature of the acts of misconduct, and the effect the misconduct has upon the integrity of and respect for the judiciary. The *Harrison* incident occurred in the courtroom as Judge Berz was presiding over the case. The *Hodges* incident occurred partially in the courtroom and continued in the judge's personal vehicle, with defense counsel present. Regarding the nature of the acts, the Panel deemed them to be serious forms of misconduct. In the Panel's view, Judge Berz's back-and-forth exchange with Harrison regarding his continuation request was intemperate and discourteous. Her conduct in the *Hodges* case constituted an abandonment of her role as a neutral and detached magistrate that placed defense counsel in an untenable position. Taken together, the two incidents had a significant negative effect on the integrity of and respect for the judicial system.

¶17     The Panel looked to two other judicial disciplinary proceedings for guidance: *In re Disciplinary Proceedings Against Gorski*, 2020 WI 5, 390 Wis. 2d 22, 937 N.W.2d 609, and *In re Disciplinary Proceedings Against Michelson*, 225 Wis. 2d 221, 591 N.W.2d 843 (1999). The misconduct in both cases included judicial officers' intemperate, discourteous comments from the bench and directed toward litigants. Both cases resulted in a public reprimand.

¶18     Here, the Judicial Conduct Panel reasoned, a sanction greater than a reprimand is warranted given that Judge Berz's conduct in *Hodges* went well beyond the type of inappropriate commentary that merited a reprimand in *Gorski* and *Michelson*. The Panel recommended no more than a seven-day suspension, however, given that only two incidents are

involved in this case, and Judge Berz has acknowledged her conduct and demonstrated remorse.

### III.    REVIEW OF PANEL REPORT AND ANALYSIS

¶19    Neither party has appealed from any portion of the Judicial Conduct Panel's findings of fact, conclusions of law, or recommendation for discipline. Nonetheless, we must review the Panel's findings of fact to determine if they are clearly erroneous, and we must review de novo its conclusions of law regarding whether those facts demonstrate judicial misconduct. *See* Wis. Stat. § 757.91; *Woldt*, 398 Wis. 2d 482, ¶36. We independently determine the appropriate level of discipline to be imposed, benefitting from but not bound by the Panel's recommendation. *In re Disciplinary Proceedings Against Calvert*, 2018 WI 68, ¶22, 382 Wis. 2d 354, 914 N.W.2d 765. In imposing discipline—which may be reprimand, censure, suspension, or removal—we must bear in mind that the goal of judicial discipline is not to punish the erring judge, but to protect the public from unacceptable judicial behavior, considering both the seriousness of the judge's misconduct and the likelihood that it would recur. *Id.* Our disciplinary sanction must also "'convey to the public the gravity with which this court views judicial misconduct.'" *Id.* (citation omitted).

¶20    We find no error in the Judicial Conduct Panel's factual findings, which were based on the parties' stipulation regarding the two incidents described above. We also agree with the Panel that these facts show that Judge Berz willfully violated the Code of Judicial Conduct as alleged in the complaint, and therefore committed judicial misconduct under Wis. Stat. § 757.81(4)(a).

¶21    We further agree with the Judicial Conduct Panel that Judge Berz's actions warrant a suspension, not a reprimand. The judicial intemperance displayed by Judge Berz is simply not acceptable. Judges must maintain objectivity, open-mindedness, and decorum, even when—especially when—they are faced with trying circumstances. By telling Harrison that "in all probability" the continuance he requested to pursue exculpatory evidence "will turn out to be a ruse," and if so, "this Court will not forget that," Judge Berz failed to exhibit these necessary qualities. Her subsequent back-and-forth exchange with Harrison was likewise unbecoming of a judge. Judges are to be above the fray, not part of it.

¶22    Judge Berz's behavior in *Hodges* is even more troubling. It went well beyond an ordinary display of frustration with the travails of the courtroom. Judge Berz lost her judicial composure completely. Judges cannot behave so impulsively and still expect litigants and the public to trust that the court system will administer fair, measured, evenhanded justice. Such behavior demands a response stronger than a reprimand.

¶23    The question is how much discipline beyond a reprimand is due. We have previously stated that "[a]lthough each case is unique, prior disciplinary proceedings may inform our consideration of the proper level of discipline to impose." *Woldt*, 398 Wis. 2d 482, ¶51. The difficulty in this case is that it is truly sui generis; this court has never had to deal with misconduct similar to that present here. We therefore must tailor the discipline to these unique facts.

¶24    Bearing in mind that the goal of judicial discipline is not to punish the erring judge, but to protect the public from unacceptable judicial behavior, *Calvert*, 382 Wis. 2d 354, ¶22, we believe that the recommended seven-day suspension is of sufficient length to impress upon Judge Berz the necessity of patience, impartiality, and restraint in her work, and to demonstrate to the public the judiciary's dedication to promoting professionalism among its members. In imposing this sanction, we note that the incidents described above appear to be aberrations in Judge Berz's otherwise sound judicial career. We note, too, that Judge Berz has accepted full responsibility and expressed remorse for her misconduct. This gives us confidence that Judge Berz understands that her behavior reflected poorly on her court and on the judiciary as a whole. She would be well-advised to take whatever steps are necessary to ensure that she does not engage in similar behavior again.

¶25    IT IS ORDERED that Ellen K. Berz is suspended from the office of circuit judge without compensation and prohibited from exercising any of the powers or duties of a circuit judge in Wisconsin for a period of seven days, commencing June 26, 2025.

¶26    JILL J. KAROFSKY, J., did not participate.